**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0146n.06
Filed: December 6, 2004

**No. 03-2258**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SAMANTHA BATES, | ) | |
| | ) | |
| *Plaintiff-Appellant*, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Eastern |
| VAN BUREN TOWNSHIP, | ) | District of Michigan |
| | ) | |
| *Defendant-Appellee*. | ) | |

**Before:** **BOGGS, Chief Judge; GILMAN, Circuit Judge; and WEBER, Senior District Judge**[*]

**PER CURIAM.** Plaintiff-Appellant Samantha Bates appeals from the dismissal of her § 1983 claim against the nudity and licensing ordinances of Van Buren Township. Bates argues that the district court erred in invoking *Colorado River* abstention due to the existence of a parallel state court proceeding. We affirm the decision to abstain, but modify the district court order to require a stay of proceedings, rather than a dismissal without prejudice.

**I**

Samantha Bates is an exotic dancer. She works as an independent contractor for Garter

_____

[*]The Honorable Herman J. Weber, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

Belt, which is located in Van Buren Township (the "Township").  In March 1999 the Township

enacted a "nudity ordinance" to restrict nudity in establishments that serve alcohol.  In pertinent

part, the ordinance reads:

> (1) No person, while appearing in a state of nudity as defined by this section, shall
> frequent, loiter, work for or perform in any establishment licensed or subject to licensing
> by the Michigan Liquor Control Commission.  No proprietor or operator of any such
> establishment shall allow the presence in such establishment of any person who violates
> the provisions of this section.

A separate "licensing ordinance" also requires a Township license for any person providing

services as a "dancer or entertainer" in any establishment "offering a kind of show emphasizing

specified sexual activities or specified anatomical areas."  Starting in August 2000, the Township

sought to enforce the ordinances against Garter Belt and Bates.

Bates filed this action under 42 U.S.C. § 1983 on September 13, 2002.  She alleges that

both the nudity ordinance and the licensing ordinance are unconstitutional in violation of the first

and fourteenth amendments.

A.   Garter Belt Litigation

Bates's suit is one of several cases involving the Township's nudity ordinance.  On

November 6, 2000, the Township sought, in state court, a permanent injunction against Garter

Belt, requiring it to comply with the nudity ordinance ("*Garter Belt I*").  Garter Belt raised a

constitutional defense and, on December 13, 2000, removed the case to federal district court.  On

December 28, 2000, Garter Belt filed a separate suit in federal court against the Township,

("*Garter Belt II*") claiming that both the nudity ordinance and the licensing ordinance were

unconstitutional.  *Garter Belt I* and *Garter Belt II* were consolidated and heard before the same

judge.

The district court remanded *Garter Belt I* on the grounds that a federal defense does not create a basis for federal jurisdiction. It then dismissed *Garter Belt II* without prejudice, reasoning that it should abstain from deciding the case out of deference to the parallel state court proceedings in *Garter Belt I*.

The decision to dismiss *Garter Belt II* on abstention grounds was affirmed by this court on June 2, 2003. *Garter Belt, Inc. v. Van Buren Township*, 66 Fed. Appx. 612 (6th Cir. 2003) (unpublished) ("*Garter Belt III*"). We found that all three conditions for abstention laid out in *Younger v. Harris*, 401 U.S. 37 (1971), were satisfied. *Garter Belt III*, 66 Fed. Appx. at 614-15. First, a parallel case between the same parties, *Garter Belt I*, was pending in state court. *Id.* at 614. Second, the state had an "important interest in enforcing its state and local liquor licensing and obscenity codes." *Id*. at 614 (citing *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000)). Third, we found that Garter Belt had the opportunity to raise all its claims in the state court proceeding. *Id.* at 615. We also noted that the presence of an additional claim in *Garter Belt II* – the challenge to the licensing ordinance – did not bar abstention because the claim could also be raised in state court. *Ibid.* (citing *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074-75 (6th Cir. 1998)).

Meanwhile, *Garter Belt I* continued in Wayne County, Michigan, Circuit Court. On December 11, 2001, that court issued a permanent injunction against Garter Belt, in the process upholding the ordinance and dismissing counterclaims. In a lengthy opinion, the Michigan Court of Appeals affirmed on September 25, 2003. *Van Buren Township v. Garter Belt, Inc.*,

673 N.W.2d 111 (Mich. App. Ct. 2003).  The Michigan Supreme Court declined to hear the

appeal on June 24, 2004.  *Charter Township of Van Buren v. Garter Belt, Inc.*, 682 N.W.2d 86

(Mich. 2004).  A Petition for Certiorari, filed September 22, 2004, is pending before the United

States Supreme Court.

B.  The Proceedings Below

On September 16, 2003, the federal district court dismissed Bates's suit without prejudice

on abstention grounds, citing *Colorado River Water Conservation Dist. v. United States*, 424

U.S. 800 (1976).  The court determined that this case was parallel to *Garter Belt I* because they

both concerned the constitutionality of the Township's nudity ordinance.  It then weighed several

*Colorado River* factors, and concluded that the state forum could hear all claims and offer

complete relief, and that abstention was therefore warranted to avoid piecemeal litigation.  The

court also found that because the ordinance contained a severability clause and *Garter Belt I*

raised state law issues, the ordinance could be modified in state court.  Finally, the district court

noted that it is "surely more than a mere coincidence" that Bates's attorney also represented

Garter Belt in another case and that she was a dancer at the Garter Belt.  It characterized this

case as "yet another attempt to gain a federal forum."

**II**

There is conflicting precedent within this circuit as to the appropriate standard of review

for abstention decisions.  Most panels have reviewed *de novo*.  *See, e.g., Rouse v.*

*DaimlerChrysler Corp*., 300 F.3d 711 (6th Cir. 2002).  The *de novo* standard was first articulated

in *Traughber v. Beauchane*, 760 F.2d 673, 676 (6th Cir. 1985), which explained that "[b]ecause

theories of state and federal law, and expressions of federalism and comity, are so interrelated in the decision to abstain such dispositions are elevated to a level of importance dictating *de novo* appellate review."

A few decisions, however, have reviewed abstention decisions for abuse of discretion. *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 886 (6th Cir. 2002); *Romine v. Compuserve Corp.*, 160 F.3d 337, 341-43 (6th Cir. 1998) (concluding that the district "court's decision was not an abuse of discretion"). For the abuse of discretion standard of review, these cases rely upon *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 19 (1983). *Moses H. Cone* does not explicitly state the standard of review, although it does suggest abuse of discretion is the proper standard. *Ibid.* ("[W]e agree with the Court of Appeals that the District Court in this case abused its discretion in granting the stay."). Since the district court was found to have abused its discretion, the outcome would have been the same under *de novo* review, and the Court never considered explicitly which standard was appropriate.

The circuits are also split on the proper standard of review. *Compare Silverman v. Silverman*, 267 F.3d 788, 792 (8th Cir. 2001) (reviewing abstention for abuse of discretion) and *For Your Eyes Alone, Inc. v. City of Columbus, Ga.*, 281 F.3d 1209, 1216 (11th Cir. 2002) (same) with *American Consumer Pub. Ass'n, Inc. v. Margosian*, 349 F.3d 1122, 1125 (9th Cir. 2003) (reviewing abstention *de novo*) and *Diamond Const. Corp. v. McGowan*, 282 F.3d 191, 197-98 (2nd Cir. 2002) (same).

We conclude that *Traughber* requires us to review abstention decisions *de novo*. As an original matter, *Great Earth*'s reading of *Moses H. Cone* may be correct. But *Moses H. Cone* is

at least somewhat ambiguous, and *Traughber*'s subsequent interpretation controls.

### III

In *Colorado River*, the Supreme Court held that federal courts may abstain from hearing a case solely because there is similar litigation pending in state court. 424 U.S. at 818. *Colorado River* abstention rests on considerations of "wise judicial administration" and the general principle against duplicative litigation. *Id.* at 817. These factors create a "narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Ibid.*

The threshold question in *Colorado River* abstention is whether there are parallel proceedings in state court. *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984). The state court proceedings need not be identical, merely "substantially similar." *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998). There is also no requirement that the parties in the state court proceedings be identical to those in the federal case. *Heitmanis v. Austin,* 899 F.2d 521, 528 (6th Cir. 1990).

This case is clearly parallel to *Garter Belt I*. Both cases are principally about the constitutionality of the Township's nudity ordinance and allege the same constitutional infirmities. To the extent the two suits differ, it is that *Garter Belt I* includes claims that state law preempts the ordinance and that the ordinance violates the Michigan State Constitution. *Garter Belt III*, 66 Fed. Appx. at 613. The fact that the state action is broader than the federal is no bar to *Colorado River* abstention, because this fact can only make it more likely that it will not be necessary for the federal courts to determine the federal question. *See Romine,* 160 F.3d at 340.

Having established that there are parallel state proceedings, we must next examine

whether judicial economy warrants abstention.  We have summarized the various factors from

*Colorado River* and subsequent cases as follows:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether
> the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation;
> and (4) the order in which jurisdiction was obtained . . . . (5) whether the source of
> governing law is state or federal; (6) the adequacy of the state court action to protect the
> federal plaintiff's rights; (7) the relative progress of the state and federal proceedings;
> and, (8) the presence or absence of concurrent jurisdiction. These factors, however, do
> not comprise a mechanical checklist. Rather, they require "a careful balancing of the
> important factors as they apply in a give[n] case" depending on the particular facts at
> hand.

*Romine,* 160 F.3d at 340-41 (citations omitted).

Three of these factors weigh against abstention.  First, this case does not involve a res.

Second, there is no reason to think the federal forum is less convenient.  Finally, the governing

law in this case is federal, but the Supreme Court has stated that the source-of-law factor is less

significant when the states and federal courts have concurrent jurisdiction.  *Moses H. Cone*., 460

U.S. at 25.

The remaining factors militate in favor of abstention.  First, the federal suit was filed

almost two years after the state suit.  The state court took jurisdiction of *Garter Belt I* in

November 2000, but the initial complaint in this case was not filed until September 2002.

Second, the state court proceedings were clearly well advanced when the district court

considered the case.  At the time the district court heard this case, *Garter Belt I* was already on

appeal in the Michigan Court of Appeals.  Third, we expressly found that the state court

proceedings adequately protected the parties' federal rights in *Garter Belt III*, 66 Fed. Appx. at

615. Fourth, since the state courts were already considering constitutional challenges to the nudity ordinance, the district court avoided piecemeal litigation by abstaining. Finally, state and federal courts have concurrent jurisdiction over federal constitutional issues.

We think the district court was correct to abstain on the basis of *Colorado River*. Our focus in these cases, once we have found that a parallel state proceeding exists, has been on the relative progress of the state and federal proceedings. *See PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207-08 (6th Cir. 2001) (finding that two-day delay between the filing of state and federal suits was not a sufficient reason for abstention given that there was no significant progress in the state court suit); *Great Earth*, 288 F.3d at 887 (finding that abstention was not warranted because, although state suit was filed first, the federal proceeding was actually more advanced). Here it is quite clear that the state proceedings arising from *Garter Belt I* are far more advanced than this case.

Our precedents support the conclusion that the substantial difference in the relative advancement of the state and federal proceedings justifies abstention. The situation here is most analogous to *Romine*, where we affirmed abstention in a class action securities fraud case when the same federal claims had been brought in state court one month before the federal case was brought. 160 F.3d at 338-40. In *Romine*, as in this case, both the state and federal actions contained identical federal claims and the state court suit included additional state law claims. *Ibid*. We found it significant in *Romine* that the state proceedings were well into discovery, whereas the federal proceedings were still in the initial pleading stage. *Id.* at 341-42. Here the state proceeding is even more advanced; at the time the district court dismissed, *Garter Belt I*

had already been heard by the Michigan Court of Appeals. *See Bd. of Education of Valley View Community Unit School Dist. v. Bosworth*, 713 F.2d 1316, 1321-22 (7th Cir. 1983) (finding that when a parallel state court case is on appeal, the reasons for *Colorado River* abstention are stronger). Thus the differences between this case and *Romine* cut in favor of abstention – this case involves a greater delay between the filing of the state and federal suits and a greater disparity between the relative advancement of the state and federal proceedings.

## IV

Having found that *Colorado River* abstention is appropriate, the remaining issue is whether the case should be dismissed or stayed. Although we have never explicitly prohibited district courts from dismissing cases when abstaining under *Colorado River*, issuing a stay of proceedings has been the general practice. *See Romine*, 160 F.3d at 338 (affirming a district court stay of a case on the basis of *Colorado River* abstention); *Holmes Financial Associates, Inc. v. Resolution Trust Corp.*, 33 F.3d 561, 562 (6th Cir. 1994) (same). In similar circumstances, other circuits have generally required district courts to issue a stay rather than dismiss without prejudice. *Moorer v. Demopolis Waterworks and Sewer Bd.*, 374 F.3d 994, 998 (11th Cir. 2004) (requiring a stay, not dismissal, when exercising *Colorado River* abstention); *LaDuke v. Burlington Northern R. Co.,* 879 F.2d 1556, 1561-62 (7th Cir. 1989) (requiring a stay because it lessens concerns over the statute of limitations, enables the parties to return to the judge who is already familiar with the case, and generally protects all the rights of the parties without imposing any additional burden on the district court); *Mahaffey v. Bechtel Assoc. Prof'l Corp.,* 699 F.2d 545, 546-47 (D.C. Cir. 1983) (holding that a stay is required because it

"effectively conserve[s] court resources while avoiding premature rejection of the litigants'

access, as specified by statute, to a federal forum"); *Kelser v. Anne Arundel County Dept. of*

*Social Services*, 679 F.2d 1092, 1094-95 (4th Cir. 1982) (affirming abstention in a § 1983 action,

but modifying the order from a dismissal to a stay).

Because *Colorado River* abstention is temporary, federal courts will often eventually hear

a case they have abstained from deciding. *Colorado River* abstention is temporary because all

the reasons for it dissipate once the state court proceedings have run their course.[1]  At that point,

if any party still has a claim for which it is entitled to a federal forum, and it is not barred by *res*

*judicata* or a similar doctrine, it may return to federal court.  Because, under *Colorado River*

abstention, the parties in the state and federal proceedings need not be identical, the federal suit

will normally not be barred by *res judicata* and federal litigation may resume if the state courts

do not moot the issue on state law grounds.[2]

We conclude that a stay is the best way to effectuate *Colorado River* abstention.

Functionally, the difference between a stay and dismissal without prejudice is small, but staying

the proceedings does offer a few advantages.  Although not an issue in this case, it will prevent

---

[1]From that perspective, this appeal is something of a puzzle.  Since the Supreme Court will, in all likelihood, soon resolve the application for certiorari in *Garter Belt I*, Bates may well soon be free to resume her § 1983 action because the state court proceeding will have concluded and left the ordinance intact.  Even if Bates were to prevail in this appeal, it is not clear she will get back to district court much faster.  For that matter, if her employer, Garter Belt, had simply decided not to file for certiorari, she could have been back in federal district court months ago.

[2]This is in contrast to *Younger* abstention, which blocks federal suits seeking to enjoin state criminal proceedings and hence only applies to proceedings between the same parties.  401 U.S. at 38-46.  Hence, in *Younger* abstention cases, the parties will almost always be barred by *res judicata* from relitigating in federal court.

statute of limitations problems. Requiring refiling also imposes small, but non-zero, costs and delay upon the plaintiff. A stay of proceedings is also more efficient from the court's point of view, since the post-abstention case would stay with the original judge, who is familiar with the case, rather than be assigned a new judge. An indefinite stay of proceedings also imposes no additional burden to the court. We therefore join other circuits in requiring a stay of proceedings rather than a dismissal in *Colorado River* abstention cases.

## V

*Garter Belt I* is clearly parallel to this case. As the state proceedings are substantially more advanced than this federal suit, the *Colorado River* factors, on balance, favor abstention. Therefore, we AFFIRM, but modify the dismissal order to require a stay of proceedings.